IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                                    Civil No. 05-2103
                                      Criminal No. 03-20049-001

RAYMOND L. PURDUM                                             DEFENDANT/MOVANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Raymond L. Purdum, a federal inmate housed in El Reno, Oklahoma, brings this habeas

corpus motion under 28 U.S.C.§ 2241. The United States has filed a response.

In 2004, Purdum pled guilty to conspiracy to commit fraud against the United States (Count

1) and conspiracy to launder funds (Count 10) in violation of 18 U.S.C. §§ 371 and 1956(h). He was

sentenced to 60 months and 70 months, respectively, with the sentences to run concurrent. He

obtained an extension of time to begin his sentence commencing in March 2005.

In this habeas corpus action, Purdum states he is entitled to credit against his sentences for

all the time, pretrial and post-plea, that he was on bail prior to is arrival at prison. He relies on 18

U.S.C. § 3585(b) which provides for credit for prior custody where a defendant is in "official

detention."

First, this § 2241 action is subject to dismissal because this court has no jurisdiction over

Purdum or his custodian, neither of whom are located in this district. *Braden v. 30th Judicial Circuit*

*Court of Kentucky*, 410 U.S. 484, 495-99 (1973) (§ 2241 jurisdiction lies both in district of actual

confinement and in district where court can serve process on the defendant). *See also McCoy v.*

*United States Bd. of Parole*, 537 F.2d 962, 965-67 (8t Cir. 1976). Moreover, even if this court had jurisdiction, the Supreme Court and the Eighth Circuit have made clear that the Attorney General is not authorized to give credit toward the service of a sentence for time period of release pursuant to the Bail Reform Act. *Reno v. Koray*, 515 U.S. 50, 58-59 (1995); *Villaume v. U.S. Department of Justice*, 804 F.2d 498 (8th Cir. 1986) (per curiam), *cert. denied*, 481 U.S. 1022 (1987).

Accordingly, I recommend the instant action be dismissed without prejudice for lack of jurisdiction. **The movant has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Movant is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 23rd day of August 2005.


/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE