IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA,                                          PLAINTIFF

VS.                            CASE NO. 03-20049

RAYMOND L. PURDUM,                                                 DEFENDANT

**<u>ORDER</u>**

Now on this 30th day of May 2006, there comes for consideration, Defendant's Motion to Correct Presentence Report (Doc. 112.) For the following reasons, we find that Defendant's motion is DISMISSED for lack of jurisdiction.

Defendant does not appear to challenge the validity of his sentence, but is requesting to have allegedly erroneous information removed from his presentence report.[1] As "this is a challenge to the execution of the sentence rather than to the sentence itself, we do not have jurisdiction under 28 U.S.C. § 2255." *United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983) (quoting *United States v. Fraser*, 688 F.2d 56, 58 (8th Cir. 1982)). Additionally, if the motion

---

[1] Defendant asserts that he would have objected earlier to the allegedly incorrect information contained in the presentence report (PSR), had he known of the right to do so. However, a review of the plea hearing and sentencing hearing transcript revealed that Defendant was advised by the Court of his right to review and object to information contained in the PSR, to which Defendant stated he had reviewed the PSR and had no objection to it. (P. 20, Hearing Transcript, where the Court discussed the PSR and stated "Then once those reports are issued, you can review it in whatever detail you would like to. Take as much time as you want. You can file any objection or voice any concern about anything within the report. We will then hear those objections and hear your concerns before you're actually sentenced in this matter. Probation will begin working on that Pre-sentence Report as soon as they possibly can"; pp. 4-5, Sentencing Transcript, where the Court asked Defendant if he had reviewed the PSR and Addendum, which he stated "I think so." Defendant's attorney then stated that he had reviewed the PSR with Defendant, and that Defendant was aware of the objections made by his attorney and the Government regarding the PSR.) There is no claim by Defendant alleging any wrongdoing by either his attorney or the sentencing court regarding the advise given about the review and/or possible objections to the PSR.

AO72A
(Rev. 8/82)

is construed as a habeas corpus petition under 28 U.S.C. § 2241, we do not have jurisdiction because Defendant failed to file the action in the district where he is confined. *Id.* (additional cites omitted).

IT IS SO ORDERED this 30th day of May 2006.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge